FILED

SEP 12 2013

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY_____ W _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

Maria B. Khavé (Pro Se)  )
)
)
Plaintiff,  )  CIV-13-985   M
)
vs.  )  CASE NO. _____
)
)  Jury Trial Demand
)  Date _____
Defendants:  )

Norman, OK (State)VA Center et. al:
Francis Pointdexter, HR
Christy Howell(Ret. Former Administrator)
;Lisa Erwin, RN (Former Asst. DON);
Jay Horne, RN (Asst. Administrator);
Stephanie Johnson, PCA;
Connie Rhea, LPN;
Cheryl Strong, RN;
Damon Young, LPN;
Kaylee Swift (PCA);

## COMPLAINT

**Jurisdiction:**
**The court has subject matter jurisdiction under Jurisdiction based on 28 U.S.C. 1345 and 1348** and Civil Rights title VII 28 U.S.C., section 1343 and Whistle Blower Act.

**Venue:**
**The court has subject matter venue under Venue Generally 28 U.S.C. 1391 (b).**

### Introduction

The plaintiff (Maria B. Khavé), African American (Black), 52 years of age, U.SA.F, Disable 10-pt. Veteran, (Pro Se) believes her former employer-(State of Oklahoma) Norman Oklahoma Veteran Center managers named in this lawsuit violated her employment civil rights when it terminated her she had filed several complaints against white employees and unsafe work place

Maria B. Khavé (Pro Se)
P.O. Box 892122; OKC, OK 73189
Email: unebelle@hotmail.com
Tel: 405 589-8932

Page 1

issues and after learning the Plaintiff filed an EEOC complaint and a complaint with the Merit Protection Commission. The agency allegations of "patient abuse" reported to the agency by a white employee (per agency's investigative report was named as Stephanie Johnson & Kaylee Swift) against the Plaintiff are untrue and were not proven. Plaintiff was sent home on the night of September 15, 2012. The Plaintiff position was Patient Care Assistant (PCA). The Norman VA agency managers terminated the plaintiff unfairly and based on unproven allegations, after she had complained several times about maltreatment by one white female nurse, received racial slurs from a white male LPN nurse (Damon Young). Approximately, September 18, 2012, Norman VA Center Investigators Jay Horn and Lisa Erwin informed the Plaintiff she had been sent home because another PCA had complained that the Plaintiff had "verbally called a patient an idiot". Plaintiff denies all allegations both verbally and in writing during the investigative meeting. Even though, there were no proof that the Plaintiff abused a patient the agency's managers did not reinstate the Plaintiff to her position, but instead terminated her without proper cause and proof of the alleged "patient abuse". Plaintiff believed that she was denied justice during the June 5, 2013, Merit Protection Commission hearing when the Administrative MPC Judge, Hopkins, would not allow her to use the MPC Investigative Report as her evidence to help prove that the Norman VA Center had no evidence of its alleged allegations against Plaintiff, and ruled in favor of the agency decision, even though, there are no proof that Plaintiff abused any patients. Per the MPC investigative report, p. 4, there were no "indication that Appellant (Plaintiff) received any prior discipline informal or formal)," from the agency managers. Plaintiff believes that her termination is in retaliation based on 704(a) of Title VII for her filing a complaint with the EEOC (Equal Employment Opportunity Commission) filed September 18, 2012. Plaintiff believes that the Norman VA Center managers are in violation of the Whistleblower Act also, and based their decision to terminate the Plaintiff based on her race and (African American/Black) and previous complaints she had filed while employed at the Norman VA Center.

## Events (2012)

1. July 9, 2012 Plaintiff was employed as full-time employee on night shift at the Norman VA Center, from July 2012-September 15. September 16, 2012-October 7, 2012 Plaintiff was placed on investigative status without/pays according to the agency.

2. August 4, 2012-Plaintiff verbally spoke with RN Cheryl Strong regarding mistreatment from a LPN nurse by name of Cindi Plumley

3. August 5, 2012, Plaintiff filed a written follow-up complaint regarding safety issues in the work placed and gave to Cheryl Strong, RN.

4. August 16, 2012, Plaintiff filed a written document complaining of mistreatment by a white LPN nurse (Cindi) which was given to nurse team Cheryl Strong, RN.

---

Maria B. Khavé (Pro Se)
P.O. Box 892122; OKC, OK 73189
Email: unebelle@hotmail.com
Tel: 405 589-8932

5. September 1, 2012-Plaintiff complained of workplace safety issues to Kateri Lonjacre, RN when she slammed her knee cap against a wooden board that had been placed underneath a desk at the working area. A safety form was filled out and filed

6. September 5, 2012-Plaintfiff experienced racist remarks made against her race (black) by told to her by LPN, Damon Young during night shift.

7. September 6, 2012-Plaintiff complained to DON(Director of Nursing) Christy Howell, about the racial slurs that Damon Young had stated to Plaintiff on the night of September 6, 2012. According to records, Damon was not counseled on the issue until Oct. 8, 3012, which is the same date the official letter of termination was issued to Plaintiff by Christy Howell, DON.

8. September 15, 2012, Plaintiff was told she had to go home by Connie Rhea, LPN, when asked why, Ms. Rhea stated she did not know why Plaintiff was being sent home ( Norman VA internal investigative report later proved that to be untrue, and that Ms. Rhea did know why the plaintiff was being sent home). Plaintiff later called Cheryl Strong the same night prior to leaving the building to confirm that she had told the LPN to send the Plaintiff home in which Ms. Strong stated she did tell the LPN to send the Plaintiff home, but could not go into details of why.

9. September 17, 2012- Plaintiff mailed a letter to Norman VA Center HR department via Certified Mail, regarding unfair termination, in which she did state that she believed that she was being sent home due to her race, and the complaints she had filed in reference to unfair treatment by some of the nurses who were both white. Plaintiff never received any correspondence from HR in regards to these issues. Norman VA HR ignored the Plaintiff's letters.

10. September 19, 2012- Plaintiff met with the Norman VA Center investigators (Jay Horne & Lisa Erwin) when the "patient abuse "accusations against her were fully revealed during the meeting. Plaintiff denied the allegations both verbally and through written documentation which were given to investigators during the meeting.

11. September 27, 2012, the plaintiff filed a telephone complaint with the Oklahoma EEOC in September 27, 2012 (evident by email from EEOC investigator, Louis Francavilla date Oct. 2012), plus plaintiff submitted Form 5 Charge of Discrimination prior to October 2, 2012.

12. October 15, 2012-Plaintiff sent letter to Norman VA HR Coordinator, Francis PointDexter, stating that she had not received the Norman VA Center final Investigation Report, and requested the report. The Norman VA Center failed to send the Plaintiff the internal Investigative Report, prior to sending a letter of termination. Plaintiff did not receive a reply from Norman HR office.

---

Maria B. Khavé (Pro Se)
P.O. Box 892122; OKC, OK 73189
Email: unebelle@hotmail.com
Tel: 405 589-8932

13. October 8, 2012, Damon Young, signed a "one-on-one instruction" regarding racial comments (note, this was the same date noted on the Plaintiff's letter of termination, October 8, 2012). Plaintiff had reported the incident in September 6, 2012 to Christy Howell.

14. October 10, 2012 (appx.) Plaintiff received a letter via US postal service from Christy Howell dated October 8, 2012 informing her that her employment had been terminated.

15. October 21, 2012, Plaintiff filed a complaint with the Oklahoma MPC (Merit Protection Commission) against the Norman VA Center for wrongful termination and racial discrimination.

17. November 29, 2012, Oklahoma EEOC office issued the Plaintiff a "right to sue" letter.

18. September 20, 2012, the Norman VA Center investigative report (IR) completed.
   *Norman VA Center managers and investigators have no proof of the alleged allegations against the plaintiff, and should have offered her the position back with back pay, which is the normal policy of the agency if the alleged allegations are not proven with evidence.
   *The Norman VA managers and its internal investigators chose to terminate the Plaintiff based solely on hear say of two (white ) employees reports, which are false and were not proven, and hear say only, and was reported after the racial issues reported by the Plaintiff.
   * The alleged incident made by Katlee was never reveal during the Plaintiff physical employment time at the facility, and is false, was never investigated, and should not be taken with any truth.
   * The Norman VA Center never issues the Plaintiff a copy of its investigation report, despite numerous requests from Plaintiff. The Plaintiff received a copy after the MPC conducted its investigation on the matter, which proved that the agency had no evidence of the alleged allegation(s) against the Plaintiff.

### Events continue (2013)

*January 25, 2013- Plaintiff's received the Merit Protection's recommendation for the case to be heard by MPC Administrative Judge. Oklahoma Norman VA Center did not have any proof of "patient abuse" allegations.

*June 5, 2013- MPC (Merit Protection Commission) hearing held by MPC Administrative Judge Matt Hopkins. Plaintiff was not allowed to use the MPC Investigative Report as evidence during the hearing, but the Normal VA agency's internal investigative report was allowed to be used during the hearing. *Plaintiff believes the hearing during June 5, 2013 this was not a fair hearing*. The MPC Investigative Report and the Plaintiff's denial of the alleged patient abuse were the only evidence that Plaintiff had to support the truth that she did not commit "patient abuse", and that the Norman VA managers have no proof of the alleged patient abuse. MPC Judge Hopkins later ruled in the agency favor, even though Norman VA Agency mangers did not prove that their alleged "patient abuse" allegations against the Plaintiff. Plaintiff filed her EEOC

Maria B. Khavé (Pro Se)
P.O. Box 892122; OKC, OK 73189
Email: unebelle@hotmail.com
Tel: 405 589-8932

complaint in September 18, 2012, not November 2012 as alleged in the final MPC Judge Hopkins' final ruling.

* June 18, 2013- MPC Administrative Judge Hopkins' "Final Order" indicated on page 11 line 10 states "...shows that Ms. Khavé did not file her EEOC complaint until November 6, 2012 – some twenty-nine days after her termination..." This information is not true, in which the agency's attorney gave the false information to the judge. Had the MPC Judge Matt Hopkins allowed its own agency MPC Investigation Report to be used as evidence this would have proved that complaint was filed in September 2012, and not November 2012.

The Plaintiff now seeks justice through the civil court in hopes to clear the damages made against her of the unproven and false allegations of "patient abuse", and believes that Norman VA Center managers and internal investigators based their decision on her race, (black), retaliation (whistleblower act); and not proven facts or evidence of the alleged allegations.

The Plaintiff career goals are in health care, and believe Norman VA Center slanderous and defamatory remarks of "patient abuse" are unproven allegations have defamed her character for any future jobs in the health care field and have devastated her personal character, and caused tremendous financial distress. During the June 5, 2013 MPC hearing the agency's internal investigators (Jay Horne and Lisa Erwin) and its in stated they did not have any proof, but chose to believe the Stephanie Johnson (white) employee over the Plaintiff (black) when questioned why, they could not give any proven facts. The Norman VA Center, agency has no evidence of the "patient abuse" allegations against the Plaintiff other than hear say which was not proven through the MPC investigative report nor was the alleged "patient abuse" allegations proven through the agency's own internal investigative report, or at the June 5, 2013 MPC hearing.

The Norman VA Center final agency's investigative report "it is more than likely than not that the alleged incident did occur as reported", however there were no witness to collaborate with the alleged patient abuse that were reported by Stephanie Johnson, nor were there any witness to the incident reported by Katlee Swift as mentioned in the Norman VA Center Investigative report. Plaintiff denies all allegations of patient abuse.

The Plaintiff believes that her race (African American/Black), and the fact that she complained about racial injustice committed by two white nurses during her employment with the Oklahoma Norman VA Center, and unsafe work environment are reasons why the agency's managers did not offer her job back and retaliated against her. The Norman VA Center has no evidence regarding "patient abuse" alleged against the Plaintiff.

Plaintiff denies all allegations of "patient abuse" and states that she has never mistreated any resident or patients. Plaintiff is a 13 year disable, honorably discharged, African American, Veteran of the USAF, and served as an in-flight medical technician and ground medic during "Operation Enduring Freedom" in the war zone with years of patient care, and has had no prior

Maria B. Khavé (Pro Se)
P.O. Box 892122; OKC, OK 73189
Email: unebelle@hotmail.com
Tel: 405 589-8932

complaints of "patient abuse" during her career. Plaintiff has suffered both emotional and financially stress from racial discrimination, unfair termination, false and malicious allegations of "patient abuse" and defamatory remarks of her character made against her by the Norman VA managers and investigators, and both white defendants Stephanie Johnson (during Plaintiff's employment) and reportedly "Kaylee Swift" (post-termination allegations of patient abuse, which was never investigated or reported while Plaintiff was employed). Norman VA Center managers have not proven that Plaintiff committed "patient abuse".

Plaintiff demand trial by jury.

### Defendants

**Frances Pointdexter** (white)- Did not look into the matter properly to ensure that Plaintiff's employment rights were protected. Plaintiff sent at least two letters ( September 17, 2012 and to the Norman VA HR department . Norman VA office ignored Plaintiff letters and did not protect Plaintiff employment rights. Plaintiff was told by the Norman Investigators that if there were no evidence of the alleged "patient abuse" that the Plaintiff was to be offered her job back. The Norman VA managers did not have proof that the Plaintiff abused any patients, but yet did not reinstate the Plaintiff's position as a PCA after the Plaintiff filed a complaint with the EEOC in September. Plaintiff believes that her civil rights were violated when HR did not protect her employments rights, and went along with Director of Nursing to terminate the Plaintiff instead of reinstating her back to the position of PCA. Plaintiff believes that HR based its decision to uphold the termination because of the plaintiff's race (black), and prior complaints of racial discrimination, unsafe patient and work environment issues during Plaintiff's employment. Plaintiff believes that her civil employment rights were violated, and the agency violated the whistleblower act..

**Stephanie Johnson (white)-** Stephanie knew that the agency's policy was to send a person home if someone reports that he or she abused a patient, and took this opportunity to defame the Plaintiff character by reporting false allegation of "patient abuse" against the plaintiff to LPN, Rhea (as is reported in the agency's investigation report) on September 15, 2012. Plaintiff believes that Stephanie was on duty the night of the racist remark incident in which Damon Young (white male) made racial slurs to the Plaintiff on night of September 5, 2013. Plaintiff verbally spoke against racial remarks made by Damon , and reported the incident to DON (Director of Nursing) Christy Howell (white) the following morning, September 6, 2012. Plaintiff believes that LPN, Damon may have coerced PCA (Patient Care Assistant) Stephanie to make false allegations, so that the Plaintiff could be sent home by the Norman VA Center managers. Stephanie has never seen or heard the Plaintiff abuse any patient, and knows that the allegations made against Plaintiff are false, and an attempt to slander the Plaintiff's name and defame her character. No investigation report either by the Norman VA Center or the Merit Protection Commission has proven the malicious allegations of "patient abuse" made by Stephanie against the Plaintiff.

**Kaylee Swift, PCA (white?)**- Plaintiff believes that Kaylee was coerced by Norman VA Center managers into giving false information of "patient abuse" in efforts to farther defame the Plaintiff's character. During the Plaintiff employment, Kaylee did not report that the Plaintiff abused any patient. However, only during an internal investigation (Norman VA internal investigation) it is falsely reported that the Plaintiff "abused a patient". Plaintiff denies the false and malicious allegations of patient abuse reportedly made by Kaylee in any and all reports. Plaintiff believes that Kaylee's slanderous remarks have farther defamed her character. The allegations of "patient abuse" are malicious and unproven. (Note: If the allegations that were reported against the Plaintiff were true then the agency should have terminated Kaylee's position also, for not reporting the incident in a timely manner, but they did not terminate Kaylee's position, because they had no evidence), but yet they based part of their decision not to offer the Plaintiff's job back based on what was allegedly reported by Kaylee and Stephanie, who are both white employees).

**\*Damon Young (white)**- Made Plaintiff working environment emotional stressful when he made racist slurs to the Plaintiff on night of September 5, 2012, which during their conversation about the war zone Damon stated that America only wanted to kill "brown people" and the Plaintiff stated that she hope not, and Damon stated that "you are not brown, you are black" the Plaintiff stated that she was black and proud of it, and that is when Damon stated that *"If America wanted to kill you black people, all it needs to do is give you all guns, and you all will kill each other, which is a proven fact, because research has proven it."* Plaintiff stated that this was not true, and if he really believed what he was saying that she did not want to speak with him anymore, and that his remarks were racist. Plaintiff believes that Stephanie Johnson was present during this heated d conversation, in which the Plaintiff stood up against racism in the work place. *\*Damon Young refused to attend the MPC hearing that was held on June 5, 2013, even though he was listed as a witness on Norman VA Center attorney witness list. The agency's attorney(Gretchen Zumwalt-Smith, Assistant Attorney General) reported that she did not know why he did not show during the hearing. .*

**Connie Rhea, LPN (white)**- Did not give the Plaintiff an opportunity to deny the allegations on the night that it was reported to by Stephanie Johnson (white), and told the Plaintiff that she did not know why she had to go her home. Connie did not tell the truth, evidence later through the Norman VA Center investigative report, which mention that she was told by Stephanie on September 15, 2012 that the Plaintiff had "called a patient an idiot ". Plaintiff believes Connie believed Stephanie because she was white, and deny the Plaintiff any opportunity to defend against the allegations. Plaintiff believes that Connie may have heard about the racist slur incident Plaintiff had had with another LPN, Damon Young (white), and may have taken part in the false allegations to have the Plaintiff (African American/Black) terminated.

---

Maria B. Khavé (Pro Se)
P.O. Box 892122; OKC, OK 73189
Email: unebelle@hotmail.com
Tel: 405 589-8932

**Christy Howell, DON (Director of Nursing), white-** Plaintiff believes that Mrs. Howell did not take the racial slur complaints made to her by the Plaintiff serious and chose to terminate the Plaintiff on the exact day that Damon Young signed the "one-on-one" counseling form, which is dated October 8, 2012, andd terminate Plaintiff without proven evidence of the allegations of "patient abuse" instead of dealing with various complaints the Plaintiff reported during her employment, such as maltreatment of nurses, patient safety and racial slurs made to the Plaintiff by Damon Young(white) and the patient safety issues that the plaintiff had complained about several times and reported to her and other nurses. Ms. Howell, knew that the plaintiff had filed a complainant with the EEOC and the Oklahoma Merit Protection Commission complaint or should have known, against the agency in September, 2012. Plaintiff believes that Mrs. Howell violated her civil rights and retaliated against her when she based her decision to terminate the Plaintiff on October 8, 2012. Plaintiff believes that Christy based her decision Plaintiff's race (African American/Black), and the complaints that the Plaintiff had complained about, and not on any proven fact of patient abuse. The Norman VA Center has no proven fact that the Plaintiff abuse any patient., but yet Mrs. Howell selected to not follow the agency rule, that if there is no proven evidence of patient abuse. The Plaintiff was told by the Norman VA Center internal investigators that if the agency found no proof of the alleged abuse the Plaintiff would be reinstated back to her position. The Plaintiff believes that it was much easier for Mrs. Howell and the Norman VA Center mangers and internal investigators to terminate her than to deal with racial discriminatory, maltreatment, and patient safety issues which the Plaintiff had complained about during her employment. Plaintiff believes that her civil rights were violated.

**Jay Horne(Norman VA Internal Investigator) (white)-** recommended Plaintiff to be terminated in the internal Investigation Report even though the report did not prove the "patient abuse" allegations made against the Plaintiff. During the June 5, 2013 MPC Administrative hearing, Mr. Horne indicated he had no other proof of the patient abuse other than Stephanie's words, but he believed Stephanie (white) over the Plaintiff (black). Plaintiff believes that Mr. Horne based his final decision (internal investigation report) on what Stephanie reported, and not on evidence or proven facts when he suggested that the Plaintiff be terminated because "it was more than likely than not that the alleged allegations are true.". Plaintiff believes that Mr. Horne based his decision on race and not facts, when he selected to believe Stephanie Johnson (white) over Plaintiff (black). Plaintiff does not believe Mr. Horne was fair and just in his investigative report and violated her civil rights.

**Lisa Erwin (Norman VA Investigator) (white)-** Mrs. Erwin based her decision to terminate the Plaintiff on unproven facts of "patient abuse" when she along with Jay Horne suggested in the in the Norman VA Center Investigative report to terminate the Plaintiff position as (PCA ) in which they had no proven evidence. Plaintiff believes that Lisa based her decision on the Plaintiff's race (black), and the fact that Plaintiff had reported several complaints against nurses, rather than proven evidence, and suggested that the Plaintiff be terminated. Plaintiff believes that Lisa violated her civil rights.

---

Maria B. Khavé (Pro Se)
P.O. Box 892122; OKC, OK 73189
Email: unebelle@hotmail.com
Tel: 405 589-8932

**Cheryl Strong, RN (white)**- Ms. Strong along with others did not give the Plaintiff an opportunity to refute or deny allegations on the night of September 15, 2012, but instead told her that should could not discuss the matter with the Plaintiff and had to send her home. Plaintiff believes that her right as an employee was violated, and that Ms. Strong could have given her an opportunity to know why she was being sent home. Plaintiff believes that Ms. Strong selected to believed the Stephanie (white) over the Plaintiff based on race differences and not because there were any evidence of patient abuse by the Plaintiff. Plaintiff had given Ms. Strong several complaints on maltreatment from a white nurses and complained of patient safety issues prior to September 15, 2012.

### Demand for Relief

(1) Plaintiff seeks relief under title 42, section 1983 of the United States Code remedies described under Title VII and Whistleblower Act.
(2) Compensatory and Punitive Damages of $300,000.00 plus any farther amounts allowed by law under Section 102 of the Civil Rights Act of 1991 to redress certain types of intentional employment discrimination including Title VII and ADA. And ADEA. Any other monetary damage allowed by law for discrimination, age discrimination, disability discrimination.
(3) Defamation and Slander damages (maximum amount allowed by law)
(4) Plaintiff seeks damages for her 2009 Nissan Truck (valued appx. 16,000.00) which towed due Norman VA terminating her job.
(5) Pro Se (court filing fee(s) reimbursed preparation labor in preparing the lawsuit, and gas mileage, Initial filing fees of Complaint $400.00, and amended filing charges if any that court may allow for reimbursement.
(6) Plaintiff request that false and unproven malicious allegations of "Patient Abuse" in the Norman VA Center personnel be cleared from her personnel record.
(7) That the Norman VA Center be prohibited from giving out any form of employment reference inquiry electronic, verbal and written on the Plaintiff now or in the future.
(8) Plaintiff is issued an Official Letter of apology from the Norman VA Center, indicates that the allegations were unproven. That the Norman VA Center send out a notice to any agency (Oklahoma Board of Nursing, DHS...etc.) that was informed about the allegations be notified that any records relating to such alleged patient abuse be cleared and deleted.
(9) Plaintiff seeks back-pay at rate of $ 11.00/hr.; 40 hrs/week or $880.00 bi-weekly from September 16, 2012 and thereafter until case has been fully resolved through civil court.

Maria B. Khavé (Pro Se)
P.O. Box 892122; OKC, OK 73189
Email: unebelle@hotmail.com
Tel: 405 589-8932

Page 9

*[Signature: Maria B. Khavé]   September 12, 2013*