IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARIA B. KHAVE, (*Pro Se*) ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-13-985-M |
| ) | |
| NORMAN, OK (STATE) VA CENTER, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

# ORDER

Before the Court is Defendants Frances Poindexter, Christy Howell, Lisa Erwin, Jay Horne, Stephanie Johnson, Connie Rhea, Cheryl Strong, Damon Young, and Kaylee Swift's (collectively, "named defendants" or "defendants") Motion to Dismiss and Brief in Support, filed November 07, 2014. Plaintiff filed her response on January 07, 2014, and defendants filed their reply on January 14, 2014. Based upon the parties' submissions, the Court makes its determination.

I.   Introduction[1]

The State of Oklahoma Department of Veteran Affairs ("ODVA")[2] employed plaintiff as a Patient Care Assistant ("PCA") from July 9, 2012 until her termination in October 8, 2012. Plaintiff alleges that she was wrongfully terminated when she filed a Complaint with defendants, the EEOC, and the Merit Protection Commission ("MPC") regarding her Caucasian co-workers' behavior towards her and alleged unsafe work conditions. Specifically, plaintiff alleges that in August 2012, she spoke and filed a written complaint with Registered Nurse ("RN") Cheryl Strong regarding a verbal mistreatment by Licensed Practitioner Nurse ("LPN") Cindy Plumley. In addition, on August

---

[1] These facts from plaintiff's Complaint are set forth in the light most favorable to plaintiff.
[2] Plaintiff has alleged these same claims against the ODVA. However, in a separate order issued on May 22, 2014, the Court has dismissed plaintiff's claims against the ODVA.

5, 2012, plaintiff filed a written complaint regarding safety issues in the work place, and on September 1, 2012, also filed a safety form when she allegedly slammed her knee cap against a wooden board that had been improperly placed in the working area. Further, on September 5, 2012, LPN Damon Young allegedly made a racist remark to plaintiff. Plaintiff complained to the Director of Nursing Christy Howell regarding Young's alleged racial comments.

On September 15, 2012, per Strong's instruction, plaintiff was sent home without an explanation. On September 17, 2012, plaintiff mailed a letter to ODVA's Human Resources Department ("HR") alleging she was sent home due to her race and her recent complaints. On September 19, 2012, plaintiff met with ODVA's investigators (Jay Horne and Lisa Erwin) who informed her that she had been accused of verbally abusing a patient. Plaintiff denied the allegation. On September 27, 2012, plaintiff filed a complaint with the Oklahoma EEOC and also filed a Form 5 Charge of Discrimination. On October 8, 2012, ODVA terminated plaintiff's employment. On October 21, 2012, plaintiff filed a complaint with the MPC against defendants for wrongful termination and racial discrimination. On November 29, 2012, the EEOC issued plaintiff a right to sue notice. On June 5, 2013, MPC Administrative Judge Matt Hopkins held a hearing on plaintiff's claim and issued a Final Order on June 18, 2013 finding plaintiff's complaints to be without merit.

On September 12, 2013, plaintiff filed this instant action against the ODVA and its employees alleging claims under 42 U.S.C. § 1983, work place disability, age, and racial discrimination. In addition, plaintiff asserts claims for a violation of the Whistleblower Act, Okla. Stat. tit. 74, § 840-2.5 and defamation. Plaintiff seeks monetary damages and injunctive relief directing defendants to remove any allegations of "patient abuse" from her personnel record, provide an apology letter indicating such allegations were unproven, and send a notice to any agency that was informed of this allegation to clear and delete such records. Defendants filed this

motion to dismiss asserting lack of subject matter jurisdiction, immunity, and failure to state a claim.

II.     Standard of Review

A plaintiff has the burden of establishing subject matter jurisdiction. *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). "Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). A facial attack depends on the allegations in the complaint as to subject matter jurisdiction and, thus, implicates the sufficiency of the complaint. *See id.* In contrast, a factual attack occurs when a party goes beyond the allegations contained in the complaint and challenges the facts upon which subject matter jurisdiction depends. *See id.* "In reviewing a facial attack, the district court must accept the allegations in the complaint as true." *Id.* However, in determining subject matter jurisdiction where there is a factual attack, the "court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.* at 1003. In the course of a factual attack under Rule 12(b)(1), "a court's reference to evidence outside the pleadings does not convert the motion into a Rule 56 motion." *See id.* (citation omitted).

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 678 (internal quotations and citations omitted). A court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotations and citation omitted). Further, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). Lastly, the Court construes a *pro se* litigant's complaint liberally. *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002). However, *pro se* parties must still follow the same rules of procedure that govern other litigants. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotations and citation omitted).

III. Discussion

    A. Section 1983 claims

Defendants assert that the Court has no jurisdiction over plaintiff's § 1983 claim for damages against the named defendants in their official capacity. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, because "neither a State nor its officials acting in their official capacities are 'persons' under § 1983", *id.*, plaintiff

cannot pursue a claim for damages against named defendants in their official capacity. Notwithstanding, "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Id.* at 71, n. 10 (citation omitted). However, although plaintiff may assert a claim against the named defendants in their official capacity for prospective injunctive relief, in the case at bar, as set forth below, plaintiff has failed to make out a violation of her constitutional rights and, thus, has failed to state a § 1983 claim.

Further, "[t]he doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotations and citation omitted).

> [The Supreme Court] mandated a two-step sequence for resolving government officials' qualified immunity claims. First, a court must decide whether the facts that a plaintiff has alleged (see Fed. Rules Civ. Proc. 12(b)(6), (c)) . . . make out a violation of a constitutional right. Second, if the plaintiff has satisfied this first step, the court must decide whether the right at issue was "clearly established" at the time of defendant's alleged misconduct. Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right.

*Id.* (internal citations omitted).

In the case at bar, the Court finds plaintiff has failed to make out a violation of a constitutional right. In her Complaint plaintiff only briefly mentions § 1983. *See* Compl. at 9 ("Plaintiff seeks relief under Title 42, section 1983 of the United States Code remedies described under Title VII and Whistleblower Act."). Plaintiff also fails to allege how these named defendants' actions relate to her § 1983 claim. Further, although she vaguely, in a conclusory fashion, mentions the Fourteenth Amendment in her response brief, plaintiff's Complaint is devoid of any mention of the Fourteenth Amendment. Therefore, even after liberally construing plaintiff's

Complaint, accepting her factual allegations as true, and viewing the evidence in the light most favorable to plaintiff, the Court is unable to discern any colorable argument presented by plaintiff on the basis of the Fourteenth Amendment. Accordingly, the Court finds that plaintiff has failed to make out a violation of her constitutional rights and, as a result, the named defendants are entitled to immunity from plaintiff's § 1983 claims.

### B. ADA and ADEA claims

Plaintiff asserts claims against defendants under the American with Disabilities Act ("ADA") and the Age Discrimination in Employment Act of 1967 ("ADEA") for alleged discrimination arising out of her employment. The Tenth Circuit has held that the ADA precludes individual capacity suits against individuals who do not qualify as employers under the statute. *See Butler v. City of Prairie Village*, 172 F.3d 736, 744 (10th Cir. 1999). Similarly, "[t]he Tenth Circuit has cited with approval cases from other circuits which have held that individual capacity cases are also not appropriate under the ADEA." *Wight v. Downing*, 1:06-CV-107-TS, 2008 WL 303918, at *3 (D. Utah Jan. 31, 2008) (collecting cases). Accordingly, plaintiff's claims against the named defendants in their individual capacity under the ADA and ADEA are dismissed.[3]

### C. Title VII and Whistleblower Act claims

For the reasons set forth in the Court's separate Order issued on May 22, 2014, plaintiff's claims under Title VII and the Whistleblower Act against the named defendants are dismissed.

### D. Defamation

It is well established that the Oklahoma Governmental Tort Claims Act ("GTCA") is the exclusive remedy for an injured plaintiff to recover against a governmental entity in tort. *Tuffy's,*

---

[3] Plaintiff may also not assert ADA and ADEA claims against the named defendants in their official capacity because such suit would amount to suit against the ODVA, and as set forth in the Court's separate Order issued on May 22, 2014, plaintiff is precluded from asserting these claims against the ODVA.

*Inc. v. City of Okla. City*, 212 P.3d 1158, 1163 (Okla. 2009). Through the GTCA, a governmental entity is liable for torts for which a private person would be liable, unless the torts are committed outside the course and scope of employment or unless they are committed in bad faith or in a malicious manner. *Id.* Scope of employment is defined as an act where the employee performed the act in good faith within the duties of his office or employment. *Id.* More specifically, an employee is said to be acting within the scope of employment if the employee is doing that which is customary within the particular trade, engaging in work assigned, or doing that which is proper, necessary and usual to accomplish the work assigned. *Id.* "A government employee acting within the scope of employment is relieved from private liability for tortious conduct." *Martin v. Johnson*, 975 P.2d 889, 895-96 (Okla. 1998) (citation omitted). "The question of whether an employee has acted within the scope of employment at any given time is normally a question for the jury, except in cases where only one reasonable conclusion can be drawn from the facts." *Nail v. City of Henryetta*, 911 P.2d 914, 918 (Okla. 1996) (citation omitted).

In her response brief, plaintiff asserts that defendants did not act within the scope of their employment when they accused her of abusing patients, resulting in her termination. Essentially, plaintiff contends that defendants were acting in bad faith and made these allegations or refused to believe her version of facts because of her previous complaints of racial discrimination, unsafe practices, and other mistreatments.

Although plaintiff, in her response brief, does not direct her defamation claims towards specific individuals and simply groups them as "defendants", the Court's review of the Complaint reveals that plaintiff appears to be directing her defamation claims towards defendants: (1) Stephanie Johnson, who reported the alleged patient abuse, whom plaintiff speculates "may have been" on duty when Damon Young made the alleged racial comments and "may have been" subsequently coerced by Damon Young into making the patient abuse claim; (2) Connie Rhea who

7

passed along the information to Cheryl Strong and communicated Cheryl Strong's message that plaintiff go home; (3) Kaylee Swift, who also reported, during the investigation of the patient abuse allegation, witnessing plaintiff's other alleged abusive behavior towards patients; (4) Lisa Erwin and Jay Horne, who investigated the patient abuse allegation, (5) Frances Poindexter, who failed to reinstate plaintiff after the investigation following the allegation of patient abuse; (6) Christy Howell, who among other allegations, chose to terminate plaintiff's employment despite plaintiff's belief that there was no sufficient evidence of patient abuse; and (7) Cheryl Strong, who plaintiff alleges did not give her an opportunity to refute the allegations.

Having carefully reviewed the parties' submissions, accepting plaintiff's factual allegations as true and construing the Complaint in the light most favorable to plaintiff, the Court finds plaintiff has failed to allege sufficient facts establishing the named defendants acted outside the scope of their employment. Specifically, the Court finds that plaintiff's allegations against Connie Rhea, Lisa Erwin, Jay Horne, Frances Poindexter, Christy Howell, and Cheryl Strong are clearly for acts they undertook within the scope of their employment. Plaintiff essentially alleges that these individuals are liable for defamation because they did not believe plaintiff's version of facts. However, defendants were acting in their official role as a supervisor, investigator, and/or director and, thus, were acting within the scope of their employment. In addition, plaintiff's allegations of defamation against Stephanie Johnson and Kaylee Swift on basis that plaintiff "believes" Damon Young "may have" coerced Ms. Johnson, who "may have been on duty" when Damon Young made the alleged racial remarks, to make this false allegation of patient abuse, and that Ms. Swift also reported separate incidents of plaintiff's alleged patient abuse because plaintiff "believes" the managers coerced Ms. Swift into making such statements are not sufficient factual averments to establish defendants acted outside the scope of their employment. In short, plaintiff's allegations amount to speculative statements and plaintiff's own subjective belief without any sufficient factual

allegations supporting her assertions that defendants acted outside the scope of their employment. Thus, the Court finds that plaintiff is precluded from asserting a defamation claim against the named defendants in their individual capacity. Accordingly, the Court dismisses plaintiff's defamation claim against the named individual defendants.[4]

IV. Conclusion

Accordingly, the Court GRANTS defendants' Motion to Dismiss [docket no. 10] and DISMISSES plaintiff's claim against defendants.

**IT IS SO ORDERED this 22nd day of May, 2014.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] As set forth in the Court's separate Order issued on May 22, 2014, plaintiff may not bring a defamation claim against the ODVA because she has failed to comply with the GTCA's procedural requirements. Because a defamation claim against ODVA's employees in their official capacity amounts to a claim against the ODVA, plaintiff is precluded from asserting her claim against the named defendants in their official capacity.