**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

MARIA B. KHAVE, (*Pro Se*)　　　）
　　　　　　　　　　　　　　　　）
　　　　　　　　Plaintiff,　　　　）
　　　　　　　　　　　　　　　　）
v.　　　　　　　　　　　　　　　）　　　Case No. CIV-13-985-M
　　　　　　　　　　　　　　　　）
NORMAN, OK (STATE) VA CENTER,　）
　et al.,　　　　　　　　　　　　）
　　　　　　　　　　　　　　　　）
　　　　　　　　Defendants.　　　）

**ORDER**

Before the Court is the State of Oklahoma Department of Veteran Affairs' ("defendant")
Motion to Dismiss and Brief in Support, filed November 07, 2014. Plaintiff filed her response on
January 07, 2014, and defendant filed its reply on January 14, 2014. Based upon the parties'
submissions, the Court makes its determination.

I.　　Introduction[1]

Defendant employed plaintiff as a Patient Care Assistant ("PCA") from July 9, 2012 until
her termination on October 8, 2012. Plaintiff alleges that she was wrongfully terminated when she
filed a complaint with defendant, the EEOC, and the Merit Protection Commission ("MPC")
regarding her Caucasian co-workers' behavior towards her and alleged unsafe work conditions.
Specifically, plaintiff alleges that in August 2012, she spoke and filed a written complaint with
Registered Nurse ("RN") Cheryl Strong regarding a verbal mistreatment by Licensed Practitioner
Nurse ("LPN") Cindy Plumley. In addition, on August 5, 2012, plaintiff filed a written complaint
regarding safety issues in the work place, and on September 1, 2012, also filed a safety form when
she allegedly slammed her knee cap against a wooden board that had been improperly placed in the

---

[1] These facts from plaintiff's Complaint are set forth in the light most favorable to plaintiff.

working area. Further, on September 5, 2012, LPN Damon Young allegedly made a racist remark to plaintiff. Plaintiff complained to the Director of Nursing Christy Howell regarding Young's alleged racial comments.

On September 15, 2012, per Strong's instructions, plaintiff was sent home without an explanation. On September 17, 2012, plaintiff mailed a letter to defendant's Human Resources Department ("HR") alleging she was sent home due to her race and her recent complaints. On September 19, 2012, plaintiff met with defendant's investigators (Jay Horne and Lisa Erwin) who informed her that she had been accused of verbally abusing a patient. Plaintiff denied the allegation. On September 27, 2012, plaintiff filed a complaint with the Oklahoma EEOC and also filed a Form 5 Charge of Discrimination. On October 8, 2012, defendant terminated plaintiff's employment. On October 21, 2012, plaintiff filed a complaint with the MPC against defendant for wrongful termination and racial discrimination. On November 29, 2012, the EEOC issued plaintiff a right to sue notice. On June 5, 2013, MPC Administrative Judge Matt Hopkins held a hearing on plaintiff's claim and issued a Final Order on June 18, 2013 finding plaintiff's complaints to be without merit.

On September 12, 2013, Plaintiff filed this instant action against defendant and its employees alleging claims under 42 U.S.C. § 1983, work place disability, age, and racial discrimination. In addition, plaintiff asserts claims for a violation of the Whistleblower Act, Okla. Stat. tit. 74, § 840-2.5 and defamation. Plaintiff seeks monetary damages and injunctive relief directing defendants to remove any allegations of "patient abuse" from her personnel record, provide an apology letter indicating such allegations were unproven, and send a notice to any agency that was informed of this allegation to clear and delete such records. Defendant filed this motion to dismiss asserting lack of subject matter jurisdiction, immunity and failure to state a claim.

<u>II.</u>    <u>Standard of Review</u>

A plaintiff has the burden of establishing subject matter jurisdiction. *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). "Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). A facial attack depends on the allegations in the complaint as to subject matter jurisdiction and, thus, implicates the sufficiency of the complaint.  *See id.* In contrast, a factual attack occurs when a party goes beyond the allegations contained in the complaint and challenges the facts upon which subject matter jurisdiction depends.  *See id.*  "In reviewing a facial attack, the district court must accept the allegations in the complaint as true." *Id.*  However, in determining subject matter jurisdiction where there is a factual attack, the "court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.* at 1003. In the course of a factual attack under Rule 12(b)(1), "a court's reference to evidence outside the pleadings does not convert the motion into a Rule 56 motion." *See id.* (citation omitted).

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).  Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief."
*Id*. at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels
and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does
a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at
678 (internal quotations and citations omitted). A court "must determine whether the complaint
sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief
under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal
quotations and citation omitted). Further, "[a] court reviewing the sufficiency of a complaint
presumes all of plaintiff's factual allegations are true and construes them in the light most favorable
to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). Lastly, the Court
construes a *pro se* litigant's complaint liberally. *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir.
2002). However, *pro se* parties must still follow the same rules of procedure that govern other
litigants. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal
quotations and citation omitted).

III.    Discussion

    A.  Section 1983 claims

    A state and its agencies are not 'persons' subject to § 1983 liability. *Will v. Mich. Dep't of*
*State Police*, 491 U.S. 58, 71 (1989). Because defendant is an agency of the State of Oklahoma, it is
not a person within the meaning of § 1983. Accordingly, plaintiff's § 1983 claim against defendant
is dismissed.

    B.  ADA and ADEA claims

    Plaintiff asserts claims under the American with Disabilities Act ("ADA") and the Age
Discrimination in Employment Act of 1967 ("ADEA") for alleged violations arising out of her
employment with defendant. Disability discrimination arising from employment is covered under

Title I of the ADA. *See Elwell v. Okla. ex rel. Bd. of Regents of Univ. of Okla.*, 693 F.3d 1303 (10th

Cir. 2012), *cert. denied*, 133 S. Ct. 1255 (2013). "More recently, the Supreme Court has held that

states enjoy Eleventh Amendment immunity from suit under Title I [of the ADA][.]" *Id.* at 1310

(citation omitted). In the case at bar, because plaintiff's ADA claims arise out of her employment

with defendant, the Court finds that her claims fall under Title I and, thus, defendant is immune

from plaintiff's ADA claims. Similarly, defendants are entitled to immunity from plaintiff's ADEA

claims. *See Kimel v. Fl. Bd. of Regents*, 58 U.S. 62, 91 (2000) ("Congress did not [under the

ADEA] validly abrogate the States' sovereign immunity to suit by private individuals.").

Accordingly, the Court dismisses plaintiff's ADA and ADEA claim against defendant.[2]

C. <u>Title VII</u>

Defendant asserts that plaintiff's Title VII claims are time barred. It is well established that,

> Title VII [] claim must be filed no later than 90 days after receipt of a right to sue
> notice. 42 U.S.C. § 2000e-(5)(f)(1). The 90–day time limit operates as a statute
> of limitations. *Mosley v. Pena*, 100 F.3d 1515, 1518 (10th Cir. 1996). It is to be
> strictly construed. *Noe v. Ward*, 754 F.2d 890, 892 (10th Cir. 1985). A Title VII
> complaint filed even one day late must be dismissed. *Melendez v. Singer–Friden
> Corp.*, 329 F.2d 521, 523 (10th Cir. 1976). Where a complaint reflects on its face
> that the statute of limitations has expired, dismissal pursuant to Rule 12(b)(6) is
> proper. *Solomon v. HSBC Mortgage Corp.*, 395 F. App'x 494, 497 (10th Cir.
> 2010) (unpublished opinion) (quoting *Aldrich v. McCulloch Properties, Inc.*, 627
> F.2d 1036, 1041 n. 4 (10th Cir. 1980)).

*Ayoola v. OG&E Energy Corp.*, CIV-13-804-D, 2014 WL 111144, at *2 (W.D. Okla. Jan. 10,

2014). While this time request is subject to equitable tolling,

> this circuit takes a "strict view of what necessitates equitable tolling." *Jarrett v.
> U.S. Sprint Comm'cs Co.*, 22 F.3d 256, 260 (10th Cir.1994). "[A] Title VII time
> limit will be tolled only if there has been active deception of the [plaintiff]
> regarding procedural requirements." *Id.; Ajalla v. White*, 81 Fed. App'x 715, 719

---

[2] The Court also notes that other than stating her age and asserting she is disabled, plaintiff has
alleged no other facts to even remotely support her vague and conclusory allegations of age and
disability based discrimination. Further, while plaintiff appears to request some injunctive based
relief, namely dealing with the removal of allegations of patient abuse from her records, none of
plaintiff's requests are age or disability based injunctive relief.

(10th Cir. 2003). "Equitable tolling might be appropriate, for example, where a plaintiff has been 'lulled into inaction by her past employer, state or federal agencies, or the courts.'" *Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002) (quoting *Carlile v. S. Routt Sch. Dist.*, 652 F.2d 981, 986 [10th Cir. 1981].) Finally, equitable tolling is generally inappropriate if the plaintiff failed to exercise due diligence in preserving her legal rights. *Id.* (citing *Irwin v. Dep't of Veterans Affairs*, 489 U.S. 89, 96 [1990]).

*Nardo v. Tousa Homes, Inc.*, Case No. 06-CV-02311-EWN-BNB, 2007 WL 1732772, at * 4 (D. Colo. June 14, 2007).

In the case at bar, plaintiff failed to initiate this lawsuit within 90 days of receiving her right to sue notice. Plaintiff acknowledges that she received the notice on or about November 9, 2012. Plaintiff filed the present case with this Court on September 12, 2013 – over 10 months later. Plaintiff explains that while she knew she had 90 days to bring suit, she did not file within that time frame because the EEOC allegedly did not timely produce an investigative report she requested after she received the right to sue notice. However, plaintiff understood this time requirement and, of her own volition, chose to disregard it. Thus, the Court finds that such wilful disregard is not sufficient to warrant the tolling of the 90 day time requirement. *See, e.g.*, *Johnson v. U.S. Postal Serv.*, 861 F.2d 1475, 1481 (10th Cir. 1988) (finding no equitable tolling of the limitation period because plaintiff "was not actively misled or lulled into inaction. [Plaintiff's] failure to file [to comply] was not due to a false representation by any court, agency, or putative defendant."). Accordingly, the Court dismisses plaintiff's Title VII claims against defendant.[3]

D.  Defamation

Defendant asserts that plaintiff has failed to file the required notice under the Oklahoma Governmental Tort Claims Act ("GTCA") for any tort claims she attempts to assert in this action.

---

[3] The Court also notes that for any additional discrete act, such as termination of employment, not asserted in her initial complaint with the EEOC, plaintiff would have needed to exhaust her administrative remedy, *see Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003), which plaintiff has also failed to do.

It is well established that the "GTCA" is the exclusive remedy for an injured plaintiff to recover against a governmental entity in tort. *Tuffy's, Inc. v. City of Okla. City,* 212 P.3d 1158, 1163 (Okla. 2009). Through the GTCA, the Oklahoma Legislature adopted the doctrine of sovereign immunity for the state, its political subdivisions, and all of its employees acting within the scope of their employment. Okla. Stat. tit. 51, § 152.1(A). This immunity is subject to the limits of waiver to the extent and the manner specifically provided by the provisions of the GTCA. Okla. Stat. tit. 51, § 152.1(B).

In order to recover under the GTCA, a person must present a claim to the state or political subdivision within the scope of § 151 *et seq.,* and such claim must be presented within one (1) year of the date the loss occurs or it is forever barred. Okla. Stat. tit. 51, § 156(A) and (B). "Compliance with notice of claim provisions has been interpreted to be either a condition precedent to suit against a political subdivision, or a jurisdictional prerequisite to judicial intervention." *Gurley v. Mem'l Hosp. of Guymon*, 770 P.2d 573, 576 (Okla. 1989).  In the case at bar, plaintiff does not allege nor does the record show that she has complied with GTCA's notice requirements. Thus, the Court finds that plaintiff is precluded from asserting a tort claim, specifically her defamation claim, against defendant. Accordingly, the Court dismisses plaintiff's tort claim against defendant.

E.  Whistle Blower Act

The Oklahoma Supreme Court "recognize[s] a cause of action for wrongful discharge in violation of public policy, creating an exception to its general rule of at-will employment." *Wilburn v. Mid–South Health Dev't, Inc.*, 343 F.3d 1274, 1277 (10th Cir. 2003) (citing *Burk v. K–Mart*, 770 P.2d 24 (Okla. 1989)). This cause of action, known as a *Burk* tort, is "'tightly circumscribed' and is available only where 'an employee is discharged for refusing to act in violation of an established and well-defined public policy or for performing an act consistent with a clear and compelling public policy.'" *Id.* (citation omitted).

Plaintiff asserts a claim under the Whistleblower Act, Okla. Stat. tit. 74, § 840–2.5. The Oklahoma Legislature has declared that "[t]he purpose of the Whistleblower Act is to encourage and protect the reporting of wrongful governmental activities and to deter retaliation against state employees for reporting those activities." Okla. Stat. tit. 74, § 840–2.5(A).

> In addition to prohibiting officers and employees of state agencies from taking disciplinary action against whistleblowers, the Legislature has provided two measures to ensure the purpose of the Whistleblower Act is carried out generally and in specific cases. The Legislature has provided (1) an appeal with the Oklahoma Merit Protection Commission to any state employee or former state employee aggrieved pursuant to this section, and (2) corrective action against any employee found to have violated the Whistleblower Act. 74 O.S. Supp. 2008 § 840–2.5(G) and (H).

*Shephard v. Compsource Okla.*, 209 P.3d 288, 291 (Okla. 2009). The Oklahoma Supreme Court has found that "the remedies . . . provided in the Act were sufficient to protect the statutory public policy." *Id.* at 292. "Where a statutory remedy exists that is sufficient to protect the Oklahoma public policy goal, an employee has an adequate remedy that precludes resort to a tort cause of action to redress a termination in violation of the public policy." *Id.* at 293.

Defendant asserts that the Whistleblower Act does not provide a private cause of action, and plaintiff's claim does not qualify for *Burk* tort action because the statute adequately protects public policy. Plaintiff appears to assert that §§ 840-2.5(B) and (G) protect her rights and that she has already sought remedy from the MPC but did not take further action because she believes she did not receive a fair hearing.

Having carefully reviewed the parties' submissions, the Court finds that plaintiff's claim under the Whistleblower Act should be dismissed. Specifically, the Court finds that plaintiff's *Burk* tort claim under the Whistleblower Act is precluded because the Act provides an adequate remedy sufficient to protect Oklahoma's public interest. *See Shephard*, 209 P.3d at 292. Pursuant to Okla. Stat. tit 74, §§ 840–2.5(G) and (H), plaintiff had a right to file her complaint with the MPC, which she did. If she disagreed with the MPC's ruling, plaintiff had further remedies available to allow her

to timely seek reconsideration of such ruling, *see* Okla. Stat. tit. 75, § 317, and redress in the form of judicial review, *see* Okla. Stat. tit. 75, § 318 – avenues plaintiff chose not to pursue. Accordingly, the Court dismisses plaintiff's claim under the Whistleblower Act.

IV.    Conclusion

Accordingly, the Court GRANTS defendant's Motion to Dismiss [docket no. 9] and DISMISSES plaintiff's complaint against defendant.

**IT IS SO ORDERED this 22nd day of May, 2014.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE